FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
* AUGUST 23, 2023 *
BROOKLYN OFFICE
23-CR-242(S-1) (FB)
Judge Frederic Block

KCB:AP/LM
F. #2023R00335

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- against -<br><br>CHAD BARCLAY,<br><br>Defendant. | S U P E R S E D I N G<br>I N D I C T M E N T<br><br>Cr. No. 23-242 (S-1) (FB)<br>(T. 18, U.S.C., §§ 924(d)(1),<br>981(a)(1)(C), 982(a)(2)(B), 982(b)(1),<br>1028A(a)(1), 1028A(b), 1028A(c)(4),<br>1029(a)(2), 1029(c)(1)(A)(i),<br>1029(c)(1)(C), 1029(c)(2), 1201(a)(1),<br>1512(b)(1), 1512(b)(2)(A), 1512(c)(2),<br>1951(a), 2422(a), 2428(a), 2 and 3551<br>et seq.; T. 21, U.S.C., § 853(p); T. 28,<br>U.S.C., § 2461(c)) |

- - - - - - - - - - - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

COUNT ONE
(Interstate Prostitution – Jane Doe #1)

1. On or about September 13, 2022, within the Eastern District of New York and elsewhere, the defendant CHAD BARCLAY, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #1, an individual whose identity is known to the Grand Jury, to travel in interstate commerce to engage in prostitution.

(Title 18, United States Code, Sections 2422(a), 2 and 3551 et seq.)

COUNT TWO
(Hobbs Act Robbery – Jane Doe #1)

2. On or about September 13, 2022, within the Eastern District of New York and elsewhere, the defendant CHAD BARCLAY, together with others, did knowingly

and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of prostitution-related revenue from Jane Doe #1.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT THREE
(Kidnapping – Jane Doe #1)

3. On or about September 13, 2022, within the Eastern District of New York and elsewhere, the defendant CHAD BARCLAY, together with others, did knowingly, intentionally and unlawfully seize, confine, inveigle, decoy, kidnap, abduct and carry away and hold, for ransom and reward and otherwise, a person, to wit: Jane Doe #1, and did use one or more means, facilities and instrumentalities of interstate and foreign commerce, to wit: cellular telephones and the internet, in committing and in furtherance of the commission of the offense.

(Title 18, United States Code, Sections 1201(a)(1), 2 and 3551 et seq.)

## COUNT FOUR
(Kidnapping – Jane Doe #2)

4. On or about September 24, 2022, within the Eastern District of New York and elsewhere, the defendant CHAD BARCLAY, together with others, did knowingly, intentionally and unlawfully seize, confine, inveigle, decoy, kidnap, abduct and carry away and hold, for ransom and reward and otherwise, a person, to wit: Jane Doe #2, an individual whose identity is known to the Grand Jury, and did use one or more means, facilities and

instrumentalities of interstate and foreign commerce, to wit: cellular telephones and the internet, in committing and in furtherance of the commission of the offense.

(Title 18, United States Code, Sections 1201(a)(1), 2 and 3551 et seq.)

## COUNT FIVE
(Access Device Fraud – Jane Doe #2)

5. In or about September 2022, within the Eastern District of New York and elsewhere, the defendant CHAD BARCLAY, together with others, did knowingly and with intent to defraud use one or more unauthorized access devices, to wit: bank cards belonging to Jane Doe #2, and by such conduct did obtain things of value aggregating $1,000 or more during a one-year period, in a manner affecting interstate commerce.

(Title 18, United States Code, Sections 1029(a)(2), 1029(c)(1)(A)(i), 2 and 3551 et seq.)

## COUNT SIX
(Aggravated Identity Theft – Jane Doe #2)

6. In or about September 2022, within the Eastern District of New York and elsewhere, the defendant CHAD BARCLAY, together with others, during and in relation to the crime charged in Count Five, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of another person, to wit: the name and bank card numbers of Jane Doe #2, knowing that these means of identification belonged to another person.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), 2 and 3551 et seq.)

## COUNT SEVEN
(Kidnapping – Jane Doe #3)

7. On or about March 24, 2023, within the Eastern District of New York and elsewhere, the defendant CHAD BARCLAY, together with others, did knowingly, intentionally and unlawfully seize, confine, inveigle, decoy, kidnap, abduct and carry away and hold, for ransom and reward and otherwise, a person, to wit: Jane Doe #3, an individual whose identity is known to the Grand Jury, and did use one or more means, facilities and instrumentalities of interstate and foreign commerce, to wit: cellular telephones and the internet, in committing and in furtherance of the commission of the offense.

(Title 18, United States Code, Sections 1201(a)(1), 2 and 3551 et seq.)

## COUNT EIGHT
(Access Device Fraud – Jane Doe #3)

8. On or about March 24, 2023, within the Eastern District of New York and elsewhere, the defendant CHAD BARCLAY, together with others, did knowingly and with intent to defraud use one or more unauthorized access devices, to wit: bank account numbers issued in the name of Jane Doe #3, and by such conduct did obtain things of value aggregating $1,000 or more during a one-year period, in a manner affecting interstate commerce.

(Title 18, United States Code, Sections 1029(a)(2), 1029(c)(1)(A)(i), 2 and 3551 et seq.)

## COUNT NINE
(Aggravated Identity Theft – Jane Doe #3)

9. On or about March 24, 2023, within the Eastern District of New York and elsewhere, the defendant CHAD BARCLAY, together with others, during and in relation

to the crime charged in Count Eight, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of another person, to wit: unique biometric data and the name and bank account numbers of Jane Doe #3, knowing that these means of identification belonged to another person.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), 2 and 3551 et seq.)

## COUNT TEN
(Hobbs Act Robbery – Jane Doe #3)

10. On or about March 24, 2023, within the Eastern District of New York and elsewhere, the defendant CHAD BARCLAY, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of prostitution-related revenue from Jane Doe #3.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT ELEVEN
(Access Device Fraud – John Doe #1)

11. In or about March 2023, within the Eastern District of New York and elsewhere, the defendant CHAD BARCLAY, together with others, did knowingly and with intent to defraud use one or more unauthorized access devices, to wit: the date of birth and social security number issued in the name of John Doe #1, an individual whose identity is

known to the Grand Jury, and by such conduct did obtain things of value aggregating $1,000 or more during any one-year period, in a manner affecting interstate commerce.

(Title 18, United States Code, Sections 1029(a)(2), 1029(c)(1)(A)(i), 2 and 3551 et seq.)

## COUNT TWELVE
(Aggravated Identity Theft – John Doe #1)

12. In or about March 2023, within the Eastern District of New York and elsewhere, the defendant CHAD BARCLAY, together with others, during and in relation to the crime charged in Count Eleven, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of another person, to wit: personal identification information of John Doe #1, knowing that these means of identification belonged to another person.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), 2 and 3551 et seq.)

## COUNT THIRTEEN
(Kidnapping – Jane Doe #4)

13. On or about May 14, 2023, within the Eastern District of New York and elsewhere, the defendant CHAD BARCLAY, together with others, did knowingly, intentionally and unlawfully seize, confine, inveigle, decoy, kidnap, abduct and carry away and hold, for ransom and reward and otherwise, a person, to wit: Jane Doe #4, an individual whose identity is known to the Grand Jury, and did use one or more means, facilities and

instrumentalities of interstate and foreign commerce, to wit: cellular telephones and the internet, in committing and in furtherance of the commission of the offense.

(Title 18, United States Code, Sections 1201(a)(1), 2 and 3551 et seq.)

## COUNT FOURTEEN
(Access Device Fraud – Jane Doe #4)

14. On or about May 14, 2023, within the Eastern District of New York and elsewhere, the defendant CHAD BARCLAY, together with others, did knowingly and with intent to defraud use one or more unauthorized access devices, to wit: bank account numbers issued in the name of Jane Doe #4, and by such conduct did obtain things of value aggregating $1,000 or more during a one-year period, in a manner affecting interstate commerce.

(Title 18, United States Code, Sections 1029(a)(2), 1029(c)(1)(A)(i), 2 and 3551 et seq.)

## COUNT FIFTEEN
(Aggravated Identity Theft – Jane Doe #4)

15. On or about May 14, 2023, within the Eastern District of New York and elsewhere, the defendant CHAD BARCLAY, together with others, during and in relation to the crime charged in Count Fourteen, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of another person, to wit: unique biometric data and the name and bank account numbers of Jane Doe #4, knowing that these means of identification belonged to another person.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), 2 and 3551 et seq.)

## COUNT SIXTEEN
(Hobbs Act Robbery – Jane Doe #4)

16. On or about May 14, 2023, within the Eastern District of New York and elsewhere, the defendant CHAD BARCLAY, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of prostitution-related revenue from Jane Doe #4.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT SEVENTEEN
(Kidnapping – Jane Doe #5)

17. On or about May 22, 2023, within the Eastern District of New York and elsewhere, the defendant CHAD BARCLAY, together with others, did knowingly, intentionally and unlawfully seize, confine, inveigle, decoy, kidnap, abduct and carry away and hold, for ransom and reward and otherwise, a person, to wit: Jane Doe #5, an individual whose identity is known to the Grand Jury, and did use one or more means, facilities and instrumentalities of interstate and foreign commerce, to wit: cellular telephones and the internet, in committing and in furtherance of the commission of the offense.

(Title 18, United States Code, Sections 1201(a)(1), 2 and 3551 et seq.)

## COUNT EIGHTEEN
(Access Device Fraud – Jane Doe #5)

18. On or about May 22, 2023, within the Eastern District of New York and elsewhere, the defendant CHAD BARCLAY, together with others, did knowingly and with intent to defraud use one or more unauthorized access devices, to wit: bank account numbers issued in the name of Jane Doe #5, and by such conduct did obtain things of value

aggregating $1,000 or more during a one-year period, in a manner affecting interstate commerce.

(Title 18, United States Code, Sections 1029(a)(2), 1029(c)(1)(A)(i), 2 and 3551 et seq.)

COUNT NINETEEN
(Aggravated Identity Theft – Jane Doe #5)

19. On or about May 22, 2023, within the Eastern District of New York and elsewhere, the defendant CHAD BARCLAY, together with others, during and in relation to the crime charged in Count Eighteen, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of another person, to wit: unique biometric data and the name and bank account numbers of Jane Doe #5, knowing that these means of identification belonged to another person.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), 2 and 3551 et seq.)

COUNT TWENTY
(Witness Tampering and Obstruction of an Official Proceeding)

20. On or about May 23, 2023, within the Eastern District of New York and elsewhere, the defendant CHAD BARCLAY, together with others, did knowingly and intentionally: (a) use intimidation, threaten, corruptly persuade and attempt to do so, and engage in misleading conduct toward another person, to wit: Jane Doe #5, with intent to (i) influence, delay and prevent the testimony of Jane Doe #5 in an official proceeding, to wit: a federal criminal proceeding in the Eastern District of New York, and (ii) cause and

induce Jane Doe #5 to withhold testimony from said official proceeding; and (b) corruptly obstruct, influence and impede said official proceeding and attempt to do so.

(Title 18, United States Code, Sections 1512(b)(1), 1512(b)(2)(A), 1512(c)(2), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

21. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2428(a), which requires the forfeiture of (a) any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offense; and (b) any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

22. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 2428(a); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS TWO, TEN AND SIXTEEN

23. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts Two, Ten and Sixteen, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offenses; and (b) Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any violation of any criminal law of the United States.

24. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS THREE, FOUR, SEVEN, THIRTEEN, SEVENTEEN AND TWENTY

25. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts Three, Four, Seven, Thirteen, Seventeen and Twenty, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

26. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS FIVE, EIGHT, ELEVEN, FOURTEEN AND EIGHTEEN

27. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts Five, Eight, Eleven, Fourteen and Eighteen, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 982(a)(2)(B), which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses; and (b) Title 18, United States Code, Section 1029(c)(1)(C), which requires any person convicted of such offenses to forfeit any personal property used or intended to be used to commit the offenses.

28. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2)(B), 982(b)(1), 1029(c)(1)(C) and 1029(c)(2); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*
_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2023R00335
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*CHAD BARCLAY,*

Defendant.

## SUPERSEDING INDICTMENT

( T. 18, U.S.C., §§ 924, 981(a)(1)(C), 982(a)(2)(B), 982(b)(1), 1028A(a)(1), 1028A(b), 1028A(c)(4), 1029(a)(2), 1029(c)(1)(A)(i), 1029(c)(1)(C), 1029(c)(2), 1201(a)(1), 1512(b)(1), 1512(b)(2)(A), 1512(c)(2), 1951(a), 2422(a), 2428(a), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
                                                                                    *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____  _____

                                                                                          *Clerk*

*Bail, $* _____

*Andrés Palacio and Lorena Michelen, Assistant U.S. Attorneys*
*(718) 254-6215*